CHARLES E. LAMBETH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 77989. Promulgated August 16, 1938.

*Richard E. Thigpen, Esq.*, for the petitioner.
*Irving M. Tullar, Esq.*, for the respondent.

OPINION.

TURNER: The only question involved in this proceeding is whether or not the proceeds of the life insurance policy paid to petitioner by reason of the death of Eskridge are to be included in petitioner's gross income. In section 22 (b) (1) of the Revenue Act of 1928 [1] it is provided that "Amounts received under a life insurance contract paid by reason of the death of the insured" shall not be included in gross income and shall be exempt from Federal income tax. In section 22 (b) (2),[2] however, the effect of section 22 (b) (1) is modified in cases where the life insurance contract under which the amounts above referred to are paid has been acquired by "transfer for a valuable consideration", and in that event the excess, if any, of the amount received, over the "actual value" of such consideration and the amount of premiums thereafter paid by the transferee, is to be included in gross income. The terms of section 22 (b) (1) are plain and there can be no question that the amount here in question is to be excluded from petitioner's gross income unless section 22 (b) (2) applies.

The respondent contends that the petitioner did give valuable consideration for the contract in 1930 and that the consideration so given was the $75,000 paid by him in 1927 for his stock in the Lambeth-Eskridge Motor Co. The respondent further contends that the stock became worthless in 1930, prior to the taxable year, and that peti-

---

[1] SEC. 22. GROSS INCOME.

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

(b) *Exclusions from gross income.*—The following items shall not be included in gross income and shall be exempt from taxation under this title:

(1) LIFE INSURANCE.—Amounts received under a life insurance contract paid by reason of the death of the insured, whether in a single sum or in installments (but if such amounts are held by the insurer under an agreement to pay interest thereon, the interest payments shall be included in gross income).

[2] (2) ANNUITIES, ETC.—&ast; &ast; &ast;. In the case of a transfer for valuable consideration, by assignment or otherwise, of a life insurance, endowment, or annuity contract, or any interest therein, only the actual value of such consideration and the amount of the premiums and other sums subsequently paid by the transferee shall be exempt from taxation under paragraph (1) or this paragraph.

tioner was then entitled to a loss deduction of the entire amount paid by him for the stock, and for that reason and the further reason that the insurance contract had no cash surrender value in 1930, when acquired, its basis for income tax purposes is zero and the full amount received less the one premium paid by petitioner is income to him. The petitioner, on the other hand, claims that he gave no consideration, valuable or otherwise, in acquiring the insurance contract and for that reason section 22 (b) (2), *supra*, is not operative and the proceeds of the insurance contract are excluded from gross income under section 22 (b) (1).

While it is true that the petitioner, in purchasing the stock in the Lambeth-Eskridge Motor Co., did not contract specifically for the insurance policy on the life of Eskridge and most likely had no thought of acquiring such a policy when he paid for his stock, it is nevertheless true that the consideration paid by him for the stock constituted consideration not only for the stock but also for any distributions to which he might become entitled as a stockholder. Accordingly, we can reach no other conclusion than that the petitioner received the insurance policy by reason of his ownership of stock in the corporation, and, if so, the $75,000 paid for the stock and the rights flowing therefrom constituted consideration for the insurance contract here in question. But even so, this conclusion does not benefit the respondent, for while section 22 (b) (2), *supra*, does definitely provide that the proceeds of a life insurance contract acquired for a valuable consideration are not unqualifiedly to be excluded from gross income, it also and as definitely provides that where the contract is acquired for valuable consideration the actual value of such consideration is to be excluded in determining the amount of the proceeds which is to be included in gross income. Accordingly, if the valuable consideration given for the transfer of the life insurance contract was the $75,000 in cash paid by the petitioner for the stock of the corporation, as the respondent himself claims, the exclusion of the actual value of such consideration as the statute requires leaves no amount to be included in petitioner's gross income. According to the record the petitioner has received nothing from the corporation for the $75,000 so paid except the bare stock certificates and the insurance policies and by the end of the taxable year it was known that he would never receive anything more. The fact that the petitioner might be permitted a deduction in some year by reason of the worthlessness of the corporate stock does not change the situation, for Congress has seen fit to deal specifically with the proceeds of life insurance contracts and we must apply the statute as it is enacted. It is also true that in the case of property acquired by a stockholder as a distribution from a corporation, other than a divi-

dend, the basis of that property in the hands of the stockholder for the purpose of determining subsequent gain or loss is its fair market value at the time of distribution, and if the distribution of the life insurance contracts in question was subject to the ordinary rule fixing the basis for property so distributed, the conclusion of the respondent that the basis is zero might be correct. Here, however, as we have indicated, we are not dealing with the ordinary case, but with the proceeds of life insurance contracts in respect of which Congress has seen fit to legislate specifically. The language of the statute is pointed and clear. It is obvious that if valuable consideration was given that consideration was the $75,000 paid by the petitioner for the stock of Lambeth-Eskridge Motor Co. and further that the exclusion of the actual value of that consideration, under the provisions of section 22 (b) (2), *supra*, leaves no part of the proceeds of the life insurance contract which may be included in petitioner's gross income.

*Decision will be entered for the petitioner.*